Good morning. My name is Gary Huss. I am panel appointed counsel for Mr. Porter. I'd like to reserve two minutes for possible rebuttal. When I first got this case and noticed that five years had gone by before he actually filed his petition, I thought on first blush that he was basically stuck. Five years had gone by, and how do you explain that? But then I started to read the material that was in the file, although somewhat fuzzy, about his mental illness, his incompetency, some of the episodes in prison, him diving off of a stool, I think trying to break his neck. And then I read the material about the attorney abandonment during this period of time. And what strikes me is that I recognize that he has a burden of proof, but he needed an evidentiary hearing to expand on that or to develop a basis to have that statute of limitation waived. And it's for that reason that I believe the district court abused its discretion by not giving him the chance to meet his burden of proof. I don't intend to repeat anything in my brief. I think I pretty well covered what I wanted to say in my brief, but I'll ask for questions at this point. What do you think could be shown at an evidentiary hearing that would create the situation you want? To excuse the late filing, what would you think could be presented at an evidentiary hearing? I'm sorry, I have a cold and I couldn't hear that. I'm sorry, what would you think could be presented at an evidentiary hearing that would do the equitable tolling you're seeking? Well, I think an evidentiary hearing should have been held so he could develop the information about his mental illness and to what extent that would have told the statute of limitation and also what his former attorney didn't do. But what other evidence do you expect to produce at that evidentiary hearing that's not already in the record, counsel? You know, I thought about other medical records because to me it's fuzzy and puzzling. How long did the mental illness go on and to what extent did it affect him? And are there other medical records that he has that were not? Well, I don't know what he has. You have a person in prison that's being moved from place to place. They don't generally know everything to get that an attorney would want. And I noticed that the magistrate below made a comment in her ruling that, well, there are medications that would have essentially brought him back to normal. And that's an interesting observation. But what we don't know is was he getting medication, was he taking it regularly, and was he brought back through that? Was his situation controlled through medication where we could safely conclude, yes, the statute has run, there is no equitable tolling? Let me ask you, I guess just backing up a little bit, it appears your client did not ask for an evidentiary hearing from the district court. So I'm curious, has he waived that right to have an evidentiary hearing if he didn't ask for it? If he didn't come out and say, I want an evidentiary hearing, I think it was incumbent on the magistrate or the district court to still afford him that if he met the burden. Because you're dealing with a pro per individual who doesn't know all of the rules. We can say he should know, but he may not know exactly what to say. But he was developing a record. He did in his petition explain the frustration with his attorney and his mental illness. So I think at that point the court has a duty to take it further rather than just to say, hey, that's not enough. Even if he or she considers the record to be sufficient to make a determination? I don't think that alone is sufficient. The point I'm trying to make is he should have been given an opportunity through an evidentiary hearing to present what he could. And who knows, maybe he would have received other counsel for that hearing and then would have had an attorney who could subpoena documents and who could try to find out further. What happened with the state bar? Because even the state bar findings, the petitioner was told some of that was confidential. And so when I looked at that, I wondered, well, what exactly did Ms. Huffman do or say? Well, what do you say about his ability to do all these filings in state courts when he could have filed in federal court much earlier? Well, I agree it's his responsibility to establish the record and meet his burden. But I think what I'm saying also is here I think there was enough that the magistrate and the district court should have taken it a step further. Because we're here in this room now wondering, well, what more was there? I'm not sure that an evidentiary hearing really is the procedure to develop that information. That should be developed through discovery or placed before the district court. The argument seems to be that he needed the evidentiary hearing in order to conduct discovery. And I don't think that's the purpose of the evidentiary hearing. The real argument may be he needed a lawyer down there. Well, the denial of an evidentiary hearing basically cuts him off from anything further. If he was granted an evidentiary hearing, he would know I have to present some evidence. I may have an opportunity here to get an attorney to help me present that evidence. So that is part of the problem that I see. He's summarily cut off from meeting his burden any further. Are you arguing that Mr. Porter's mental impairment prevented him from filing a habeas petition for the entire period, that his federal petition was late, or for what period? Because you refer to a critical period, and I'm trying to figure out what you mean. Well, I was in trial counsel, and I wasn't counsel before just being appointed for this. And that's puzzling to me because I did read his petition, and I could see at that point in time he seemed to be able to articulate things. I'm not going to suggest that just ipso facto the fact that he had a long history of mental illness would mean that the statute should toll or that equitable tolling applies. What I'm saying is it is there, and we don't know to what extent. And if he's bringing it up in a petition, and to me the way to get to the bottom of it is to have the evidentiary hearing and to just ignore that and just summarily say, no, we're not going to go any further, it cut. What it does is he continues to suffer because of his abandonment by his attorney. That's the way I see it. And he continues to suffer because he has a long history of mental illness. He's not getting his day in court. Is your answer the entire time? In your brief, you state petitioner chronically suffered from mental impairment during the critical period. And I'm not sure if you mean February 2003 to February 2004 or February 2003 to January 2008. And that's a good point. I'm not saying it's the whole time. I would also concede that maybe if we had the evidentiary hearing, we would all know right out of the gate that he's barred. If we could get a little further, maybe we would all be comfortable in saying, oh, yeah, you let more than a year go by and you could have done something. We don't know today. So you can't say what's the critical time period that this court should focus on for purposes of the evidentiary? No, because the record is too fuzzy. Well, you know, he attached to several of his state court filings during all that period of time a letter advising him that he had one year to go into federal court. Apparently he knew that. You know, and to me the odds are probably a year went by. I would have to concede that, but I don't know. And I'm looking more at what needs to be advocated for him. Well, we do know, don't we? It's in the record that he attached to filings a letter telling him he had one year and several years went by with him filing in state court but never in federal court. We're all stuck with the record we have. I think we would all probably like to know more, and that's the point. That's why there should have been an evidentiary hearing. We've spent more time on this appeal than what the court would have spent on an evidentiary hearing. And so I'll submit it. Very good. Thank you. We'll hear from the government. Good morning, Your Honor. David Andrew Eldridge, Deputy Attorney General for Respondent. He did not request an evidentiary hearing, Your Honor, in response to your question. And the idea that a district court has to take over when a party doesn't request something is contrary to the idea that the district court is supposed to be impartial, not litigating on behalf of the party. Well, that's true, but we do impose, rightly or wrongly, we impose burdens on district courts in pro se cases to make sure that the petitioners understand what their opportunities and rights are. For example, we require them in summary judgment cases to advise prisoners, pro se prisoners, of what the consequences are and what they need to do. There's certainly no argument that he wasn't advised of the consequences. There were, I believe, three different orders from the magistrate judge saying, do this, order to show cause, do this. So there isn't a notice question. Well, except he didn't know that he had an opportunity to ask for an evidentiary hearing. There's nothing to say he didn't know that, Your Honor. Or that he did know it. The record's blank on that, right? Well, given that he submitted evidence, he certainly, I want to be clear, there's no question that he did. He submitted evidence. He submitted documents. He got a Klingali notice, which is the notice that tells him what he needs to do in opposition to summary judgment. But there's nothing in the record, one way or another, that indicates that he knew that he could request an evidentiary hearing. The only reason I say that is that if the government's arguing forfeiture of this issue, that, in other words, because he did not ask for an evidentiary hearing, then he's forfeited on appeal, it seems to me we have to give a little bit of a break to the pro se petitioner. There is certainly no showing that the law library wasn't open to him to find out what procedures are available through the cases that, indeed, the courts have imposed these obligations in. So I don't think we can just say that unless the record shows he knew something that he could do, we have to presume he didn't. Well, let's say he didn't waive his evidentiary hearing. Under Laws v. Lamarck, and I think that's the standard that guides us with respect to whether he should have gotten an evidentiary hearing, it says forth that if, in this case, Mr. Porter shows a good faith allegation which, if true, would entitle him to equitable tolling, he should get an evidentiary hearing. Has he not made a good faith allegation that, if true, would entitle him to equitable tolling? Look, to clarify, I do believe that Laws doesn't say that evidentiary hearing is the only way to go. You can do it. It's factual development, certainly. You can do it by discovery or evidentiary hearing. I don't remember the third. That may have been. So if, indeed, he triggered something which, if he alleged something which, if true, would have entitled him to equitable tolling, and if you're saying it wasn't waived, then the court would have had a duty to. There are no allegations, however, which would have been sufficient for equitable tolling, either stringently or even generously construed. All he said is, I've had a lot of problems, I've had mental problems all this time. None of that accounts for the fact that whatever your mental problems, or rather I should say, none of that accounts for the fact that it's not enough to simply say I have mental problems. We know he had all these filings in state courts. So if it is true that he has chronic mental problems, and yet he can still do all his filings in state court, it's illogical, it is inconsistent to say, I couldn't have filed in federal court. Well, I know he had these filings in state court. I think the filings began in 2005, is that right? The first one I am aware of is 2005. Okay. And so he's saying that he's had a lot of mental issues, and I guess what may distinguish him from some of the other people who come forward with that claim is he actually has a documented history of being found incompetent, at least during the trial once or twice. I think during the trial he was found incompetent to stand trial, and then prior to sentencing he was found incompetent to stand trial. And I think that may distinguish him from some of the other cases that you refer to where those individuals never had such a finding made. And they were, in those circumstances, I think at least one of the cases you cite, they were granted an evidentiary hearing. The problem, sorry, the problem even with that is even assuming there is some mental issue, that doesn't mean that in any way it prevents you from handling your filings. No, perhaps not. I think the issue here is whether the record is developed sufficiently for us to make that judgment. I mean, this is not an ordinary case where there are pretty undeniable mental problems in this case. To be clear, Your Honor, the real question is whether the trial court abused its discretion. And if the trial court, sorry, the district court had sufficient basis to think, I have all that I need to make this decision, then it can't be the case that because this court would have granted an evidentiary hearing or would find one would be appropriate, the court can say the district court erred by not having one. No, the question is whether or not the district court correctly applied the law in determining whether or not an evidentiary hearing was required. In other words, whether the burden was there. We're not weighing the evidence. But saying that the court misapplied the law, again, obviously if the court misapplied the law, that would be an abuse of discretion. But it cannot be said that it was certainly beyond the pale of reason for the district court to think it had enough. The district court had a record of his ability to make filings, notwithstanding any mental illness he may or may not have had. So this court in Gaston itself pointed out when you're filing in state court during the same period, you can't say, well, I couldn't have filed in federal court. That is certainly a basis, rationally, for a district court to find, I don't need to have further factual development. Kagan. Well, a lot of your, in your papers, your focus is on 2005 on. And I'm curious, what's your position from 2003 to 2005? Do you concede he may have had a mental issue during that? I mean, 2003 to at least 2004, from February 2003 to February 2004. Is it not possible he could have had a? Surely anything is possible. There is no evidence to suggest a problem during that time. In fact, from what I see, there was no evidence after 98 in all the records that I've seen. So I, anything's possible, but I mean, I can't agree that possible is simply the standard. Well, I just, your focus seems to be that we know that in 2005 onward he was making, he made state filings, which I think that's clear. But we don't know in this individual who does have a history of mental incompetence, even in 2008, I think exhibit in the excerpt of record number 13, 2008 he was transferred from one facility to another due to his mental status. At least that's what I read in one of the excerpts of record at 13. And so we know that he has a history. I'm just trying to figure out if he makes this good faith allegation that if true, he'd be entitled to equitable tolling. We don't know. I mean, your focus is on what happened post 2005. Well, his assertion at that tab is that I've had a relapse, which would indicate, even crediting that, it's just a bare statement. There are no records to support it. He was transferred. He was transferred to a facility for him to deal with his mental relapse. This is all according to his mere statement. There's no documentation to support it. But even if it's true that he recently, that in 2008 he had a relapse, that suggests that he wasn't having a problem before then. When you say I focus on the period after starting in 2005, that's certainly because the period once you get to 2005 and through 2008, that's sufficient to find that he did nothing in federal court for more than a year, even though he was doing things in state court. So I haven't tried to point out that at every single moment in time he could have filed it. It may or may not be that from, you know, circa 2003, he was mentally disabled for some reason. I don't know. The record doesn't show that he is. But it's certainly clear that for at least a three-year period, he was making filings in state court, and he didn't file, for example, a protective federal petition. So irrespective of what was going on prior to 2005, between 2005 and 2008, he wasn't acting diligently to file his federal petition. So are you saying he was perfectly aware prior to 2005 that he could make this filing? I have taken no position on what he was doing before 2005 because the record doesn't show. It's enough that during a three-year period, he was able to make state court filings and therefore he was able to make federal filings, and he didn't file a federal protective petition during that time. I see my time has expired. Any further questions? No, thank you. You have 35 seconds. I have no further arguments. I'm prepared to submit it. All right. Thank you, and thank you for accepting the appointment from the Court in this case. The case just heard will be submitted for decision.
judges: Albritton, Thomas, Murguia